EXHIBIT E

# SOUTHERN ILLINOIS BRICKLAYER'S PENSION FUND AGREEMENT AND DECLARATION OF TRUST

## INDEX

### ARTICLE I
|  | Page |
|---|---|
| Preamble | 1 |
| Section 1—Union | 1 |
| Section 2—Association | 1 |
| Section 3—Employer | 1 |
| Section 4—Employee | 2 |
| Section 5—Trustees | 2 |
| Section 6—Employee Trustees | 2 |
| Section 7—Employer Trustees | 2 |
| Section 8—Agreement and Declaration of Trust | 2 |
| Section 9—Trust Fund | 2 |
| Section 10—Pension Plan | 3 |
| Section 11—Employer Contributions | 3 |

### ARTICLE II
Section 1—Creation of Trust ........................................ 3
Section 2—Purpose and Application of Trust Fund ............ 3-4
Section 3—Pension Plan and Benefit Contracts ................ 5
Section 4—Limitation of Rights to Trust Fund .................. 5

### ARTICLE III
Section 1—Contributions to the Fund ............................ 6
Section 2—Cost of Collecting Delinquent Reports ............. 6
Section 3—Cash Bonds ................................................ 7

### ARTICLE IV
Section 1—Establishment of Pension Plan ...................... 7
Section 2—Acceptance and Operation by Trustees ........... 7

### ARTICLE V
Section 1—Designation of Trustees ............................... 7
Section 2—Officers .................................................... 8
Section 3—Acceptance of the Trust by Trustees .............. 8
Section 4—Trustee's Term of Office .............................. 8
Section 5—Successor Trustee ...................................... 8
Section 6—Removal of Trustees ................................... 9
Section 7—Compensation of Trustees ........................... 9
Section 8—Meetings .................................................. 9
Section 9—Action of Trustees ...................................... 9

## ARTICLE VI
Section 1—Execution of Instruments ................................ 10
Section 2—Liability of Trustees .................................... 11
Section 3—Liability of Union, Employers and Trustees .............. 11
Section 4—Employers, Union or Association Not Liable for Benefits . 11

## ARTICLE VII
Section 1—General ........................................ 11-12-13-14
Section 2—Books of Accounts ....................................... 14

## ARTICLE VIII
Section 1—Employer's Obligation to Furnish Information ............ 15
Section 2—Dealings with Trustees .................................. 15
Section 3—Notices ................................................. 15
Section 4—Advice of Counsel ....................................... 16
Section 5—Legal Action by Trustees ................................ 16
Section 6—Costs of Suit ........................................... 16
Section 7—Fidelity/Fiduciary Bonds ................................ 16
Section 8—Payments To or By Trust Fund ............................ 16

## ARTICLE IX
Amendments ........................................................ 16

## ARTICLE X
Section 1—Conditions of Termination ............................... 17
Section 2—Procedures in Event of Termination ...................... 17

## ARTICLE XI
Situs and Construction of Trust ................................ 17-18

### PREAMBLE

This amended and restated Declaration of Trust, effective September 29th, 1983, by and between the South Western Illinois Mason Contractor's Association, together with such other Employers as herein defined who became parties to this Agreement, and Southwest Illinois District Council Locals No. 2 and No. 65 of Illinois, together with such like local Unions who become parties to this Agreement:

### WITNESSETH:

**WHEREAS,** the Union and the Association have entered into a certain Collective Bargaining Agreement which provides, among other things, for the establishment of a Pension Fund, and,

**WHEREAS,** to effect the aforesaid Pension Fund, it is desired to amend, establish and maintain a Trust Fund which will conform to the applicable requirements of the Labor Management Relations Act of 1947, as amended; conform to the requirements of the Employees' Retirement Income Security Act of 1974 (hereinafter called the "Act" or "ERISA") and to remain qualified as an exempt trust, pursuant to 1954 Internal Revenue Code, Sections 401, 501 (a), and other pertinent provisions thereof.

**NOW, THEREFORE,** in consideration of the mutual promise of the parties and in order to establish and provide for the maintenance of the aforesaid Trust Fund, to be known as the Southern Illinois Bricklayers Pension Fund, hereinafter referred to as the "Trust Fund," it is mutually understood and agreed as follows:

### ARTICLE I—DEFINITIONS
#### Section 1—Union:

The term "Union" as used herein shall mean Southwest Illinois District Council Locals No. 2 and No. 65 of Illinois, together with any other like Local Unions who have in effect with the Association, or with other Employers, Pension Agreements or Collective Bargaining Agreements providing for the establishment of a Pension Plan and Trust Fund and for the payments of contributions to such Fund.

#### Section 2—Association

The term "Association" as used herein shall mean South Western Illinois Mason Contractor's Association contractors.

#### Section 3—Employer:

The term "Employer" as used herein shall mean an Employer who is a party to this Agreement, or is represented in collective bargaining

by the Association, or otherwise, and who is bound by a Collective Bargaining Agreement with the Union providing for the establishment of a Pension Plan and Trust Fund and for the payment of contributions to such Fund.

### Section 4—Employee:

The term "Employee" shall mean all persons on whose account an Employer is, or has been required to make contributions into the Trust Fund or is eligible for benefits as provided by the Pension Plan, including Business Representatives of the Union and any employee of the Union while employed in a paid capacity by the Union or affiliate thereof, including Fringe Fund Office employees.

### Section 5—Trustees:

The term "Trustees" as used herein shall mean natural persons designated as Trustee pursuant to Article V, Section 1, or Article V, Section 5, of this Agreement and Declaration of Trust.

### Section 6—Employee Trustees:

The Term "Employee Trustees" as used herein shall mean any Trustee designated solely by the Union in the manner provided herein.

### Section 7—Employer Trustees:

The term "Employer Trustees" as used herein shall mean any Trustee designated by the Association or their Employer who is a party to the Collective Bargaining Agreement in the manner provided herein.

### Section 8—Agreement and Declaration of Trust:

The term "Agreement and Declaration of Trust" as used herein shall mean this instrument, including all amendments hereto and

### Section 9—Trust Fund:

The term "Trust Fund" as used herein shall mean Southern Illinois Bricklayer's Pension Fund and the entire assets thereof, including all funds received in the form of Employer contributions, together with all contracts (including dividends, interest, refunds and other sums payable to the Trustees on account of such contract), and contributions received from other Pension Funds, all investments made are held by the Trustees, all income, increments, earnings and profits therefrom and any and all other property or funds received and held by the Trustees by reason of their acceptance of this Agreement and Declaration of Trust.

2

leases of such premises, materials, supplies and equipment, and the performance of such other acts as the Trustees in their sole discretion find necessary or appropriate in the performance of their duties including costs and expenses incurred by trustees and administrators while attending educational seminars designed to enhance trustee and administrative skills in trust administration; provided, however, that no part of the Trust Fund shall be used for any personal expenses.

(3) To pay or provide for the payment of all real and personal property taxes, income and other taxes or assessments of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust Fund or any money or property forming a part thereof.

(4) To maintain a reserve for expected administrative expenses reasonably anticipated to be incurred.

(5) To make deposits and payments pursuant to any contract referred to in Section 3(b) of this Article providing benefits contemplated herein.

(6) To make any deposits to a Bank, Trust Company or any other financial institution, which through agreement with the Trustees has been empowered to make benefit payments to eligible Employees or beneficiaries.

(7) To keep property purchased by the Trustees registered in the name of the Trustees or in the name of a nominee, as may be determined within the discretion of the Trustees.

(8) To decide all questions or controversies arising in any manner or between any parties or persons in connection with the Trust Fund or the operation thereof, whether as to any claim for any benefits made by an Employee, or any other person, or whether as to the construction of the language or meaning of the rules and regulations adopted by the Trustees or established by this instrument, or as to any writing, decision, instrument, or accounts in connection with the operation of the Trust Fund or otherwise; and the decision of the Trustees if made in good faith, shall be binding upon all persons dealing with the Trust Fund or claiming any benefits thereunder.

### Section 3—Pension Plan and Benefit Contracts:

The Trustees are hereby empowered and authorized to establish a Pension Plan:

(a) To be known as the Southern Illinois Bricklayer's Pension Plan, which, shall set forth the benefits to be provided from the Trust Fund, the conditions of eligibility for such benefits, the terms of payment, and such other items as the Trustees shall deem it necessary to include.

(b) To enter into an agreement with a reputable insurance company licensed to do business in the State of Illinois for the purpose of providing benefits granted under the terms of the Pension Plan, and/or

(c) To enter into an agreement with a Bank, Trust Company, Insurance Company or any other financial institution, selected by the Trustees for the purpose of providing benefits granted under the terms of the Pension Plan.

### Section 4—Limitations of Rights of Trust Fund:

The following limitations shall apply to the rights or interest in, or use of, the Trust Fund:

(a) Neither the Union, Employer, Employees or Association, nor any other person, association, or corporation shall have any right, title or interest in or to the Trust Fund except as specifically provided by the Pension Plan and the applicable rules and regulations thereunder. It is the intention of the parties hereto that this Section shall not disqualify contributions due from any Employer from being a priority claim in the event of bankruptcy of any such Employer.

(b) Anything contained in this Agreement and Declaration of Trust to the contrary notwithstanding, no part of the corpus or income of the Trust Fund shall be used for or diverted to purposes other than for the exclusive benefit of Employees, or their appropriate family members, or for the purpose set out in Section 2 of this Article.

(c) No money, property, equity, or interest of any nature whatsoever in the Trust Fund, group annuity or other contracts, or any benefits or moneys payable therefrom shall be subject to sale, transfer, assignment, encumbrance or other anticipation, not to seizure or sale under any legal, equitable or other process. In the event that any claim or benefit shall, because of any debt incurred by or resulting from any other claim or resulting from

6

computed from the date originally due. Delinquent Employer shall also be liable for all reasonable expenses incurred by the Funds directly attributable to the cost of collection of said delinquent payment.

(b) All payments are due and payable on the 15th day of the month next following that month in which work was performed creating the liability. For the purposes of this section, the employer shall not be considered to have paid the sum due the Pension Fund until such time as he has properly filed the Employer Contribution Report.

### Section 3—Cash Bonds:

The Trustees may require delinquent or questionable Employers to post a cash bond with the Fund. Such cash bond shall be in the amount of approximately three months of contributions based upon the number of Employees employed by the Employer making such cash bond. It shall be the responsibility of the Business Agent of the Union to police this provision.

## ARTICLE IV—ESTABLISHMENT AND ACCEPTANCE OF PENSION PLAN

### Section 1—Establishment of Pension Plan:

The Union and the Association on behalf of their Employers and other Employers, agree that the Trustees are to establish and adopt a plan for the payment of such retirement pension benefits, termination benefits, permanent disability pension benefits, death benefits and such other benefits as are feasible. Such plan shall conform to "ERISA," the applicable sections of the Internal Revenue Code for purposes of tax deduction and exemption, and the provisions of, and the purposes set forth in this Agreement.

### Section 2—Acceptance and Operation By Trustees:

The Trustees hereby accept this Amended Trust and agree to continue active administration of the Pension Plan.

## ARTICLE V—TRUSTEES

### Section 1—Designation of Trustees:

(a) The Board of Trustees shall be constituted as follows:

(1) Each signatory Local Union shall appoint four (4) Trustees (hereinafter called Union Trustees).

(2) The employers within the geographical Jurisdiction of the signatory Local Unions shall appoint a total of eight (8)

8

Trustees (hereinafter called the Employer Trustees).

(b) One (1) Trustee representing each of the Unions and two (2) Trustees representing the Employers, present in person at any meeting, shall constitute a quorum for the transaction of business. If at any meeting the number of Employer and Union Trustees present shall be unequal, then the group of Trustees lesser in number shall be entitled to cast the same number of votes as the other group of Trustees. In the event there shall be present at any meeting less than all of the Trustees of a group and the Trustees of such group shall be unable to agree unanimously to the manner in which the votes of the absentee Trustees of such group shall be cast, then action on the matter then under consideration shall be postponed until all of the Trustees of the group shall be present.

### Section 2.—Officers:

The Trustees shall elect two (2) officers: a Chairman and a Secretary, one of whom shall be a Union Trustee and one of whom shall be an Employer Trustee. These officers shall serve for a period of three (3) years or until their successors shall be elected.

### Section 3—Acceptance of the Trust By Trustees:

A Trustee upon signing this Agreement and Declaration of Trust, or upon written acceptance filed with the other Trustees in the case of any successor Trustee, shall be deemed to accept the Trust created and established by this Agreement and Declaration of Trust and consent to act as Trustees and agree to administer the Trust Fund as provided herein.

### Section 4—Trustee's Term of Office:

(a) Each Trustee shall continue or serve as such until his death, incapacity, resignation, or removal as provided herein.

(b) A Trustee may resign and remain fully discharged from all future duty or responsibility hereunder by giving notice in writing to the remaining Trustees and to the party designating him, which notice shall state the date such resignation shall take effect and such resignation shall take effect on the said date unless a successor Trustee shall have been appointed at an earlier date, in which event such resignation shall take effect as of the date of filing, by the successor, of the written acceptance provided for under Section 3 of this Article.

### Section 5—Successor Trustee

(a) In the event any Union Trustee shall die, become incapable of

acting, resign or be removed, a successor Union Trustee shall be immediately designated by the Union.

(b) In the event any Employer Trustee shall die, become incapable, resign or be removed, a successor Employer Trustee shall be designated immediately by the Association or Employer Signatory to the Collective Bargaining Agreement.

(c) Any successor Trustee shall, immediately upon his acceptance of the Trusteeship in writing filed with the Trustees, become vested with all property rights, powers, and duties of the Trustees hereunder with the like effect as if he had been originally named as a Trustee.

### Section 6—Removal of Trustees

Any Trustee may be removed from office at any time, by the Union or the Association, before the expiration of his selected or appointed term of office, which will be three (3) years, WHERE it is found that he is guilty of malfeasance or misfeasance in the performance of his duties as Trustee, by a State or Federal Court with jurisdiction to settle such matters.

### Section 7—Compensation of Trustees:

The Trustees shall serve without compensation from the Trust Fund except for reimbursement of reasonable expenses incurred under specific authority granted by resolution of the Trustee, except that any union trustee may be compensated for lost work time due to trust business.

### Section 8—Meetings:

A regular meeting of the Trustees shall be held at least once a year at a date fixed by the Trustees. The chairman, or the secretary or any two (2) Trustees may call a meeting of the Trustees at any time by giving at least seven (7) days written notice of the time and place thereof to each Trustee. Such notices may be delivered in person, by mail or by telephone. Meeting of the Trustees may also be held at any time without notice if all the Trustees consent thereto. In the event that the Trustees shall unanimously concur in writing upon any proposition, no meeting need be held by the Trustees. The vote of the Trustees may be cast by them in person or may be evidenced by written instrument signed by them.

### Section 9—Action of Trustees:

(a) The Trustees may adopt by-laws, rules, or regulations to govern themselves, which are not inconsistent with any provisions of the Agreement and Declaration of Trust.

## ATTENTION! CHANGES

### AMENDMENT TO 1983 RESTATEMENT OF SOUTHERN ILLINOIS BRICKLAYERS' PENSION FUND

#### Article V—Trustees

#### New Section 10—Attendance of Trustees at Seminars, Workshops and Pension Related Programs and Conferences

Each Trustee who is authorized by the Pension Board to attend Pension seminars, workshops, programs and conferences shall itemize his expenses on the form provided by the Chairman to qualify for reimbursement of out-of-pocket expenses directly related to attendance at the same.

Each Trustee attending said Pension seminar, workshops, programs or conferences shall see that their respective expenses are justifiable, reasonable and prudent.

Itemization of expenses is a dollar-cents breakdown of when, where and for what purpose the expense was incurred. Additional requirements are on the form provided by the Chairman.

### AMENDMENT TO 1982 RESTATEMENT OF SOUTHERN ILLINOIS BRICKLAYERS' PENSION FUND

#### Article VI—Execution of Instrument—Liability

#### Amendments to Section 1—Execution of Instruments

The Trustees have hereby authorized by resolution that only one signature (that of the Funds Chairman) is required to execute any instrument only after the Chairman has made reasonable attempts to contact the additional authorized signatory. In all situations where only the Chairman executes any instrument after having made reasonable attempts to contact the additional authorized signatory, all persons, partnerships and corporations may rely thereupon that such instrument has been duly authorized.

### Section 2—Liability of Trustees:

(a) Neither the Trustees nor any Trustee shall be liable for any honest error of judgment, nor shall they or he be personally liable for any liability or debt of the Trust Fund contracted or incurred by them or him, nor for the non-fulfillment of any contract, nor for any other liability arising in connection with the administration or the existence of the Trust Fund; PROVIDED, HOWEVER, nothing herein shall exempt the Trustees or any Trustee from any liability, obligation or debt arising out of their or his acts or omissions done or suffered in bad faith or through gross negligence or willful misconduct.

(b) The Trustees and each Trustee shall be fully protected in acting upon any instrument, certificate or paper believed by them to be genuine and to be signed or presented by the proper person and shall be under no duty to make any investigations nor inquiry as to any statement contained in any such record but may accept the same as exclusive evidence of the truth and accuracy of the statements therein contained.

### Section 3—Liability of Union, Employers and Trustees:

Nothing in this Agreement and Declaration of Trust shall be construed as making the Union, the Association or any Employer liable for the payments required to be made by any other Employer and each Employer's liability shall be limited as follows:

(a) to the payment of the amount due plus penalties and costs per Article III Section 2, under any pension agreement or under the applicable collective bargaining Agreement; or

(b) that amount determined to be due pursuant to the terms of "ERISA."

### Section 4—Employers, Union or Association Not Liable for Benefits:

None of the Employers, Union or Association shall be liable for the failure of the Trustees to secure the benefits contemplated herein or in the Pension Plan for any Employee or Beneficiary or for any default or neglect of the Trustees.

## ARTICLE VII—ADMINISTRATION OF THE TRUST FUND

### Section 1—General

The Administration of the Trust Fund shall be vested wholly in the Trustees and for such administration the Trustees shall, consistent

with the purpose of this Trust Fund, have the power and authority to:

(a) Require immediate contributions to the Trust Fund by Employers in accordance with the Agreement between the Employer or his collective bargaining agent and the Union. The Trustees shall have the power to demand, collect, and receive Employer contributions for the purpose specified herein, and to impose a penalty and cost as per Article III, Section 2, for delinquency in payment of Employer contributions. In order to carry out and effectuate the purpose hereof, the Trustees shall have the power to specify the time, manner, and place of payment of Employer contributions of the Trust Fund and shall promulgate these requirements.

(b) Administer the Trust Fund through a professional administrator.

(c) Make such uniform rules and regulations as are consistent with and necessary for effectuating the provisions of this Agreement and Declaration of trust, including, but not limited to, the following:

   (1) To develop procedures for the establishment of credited services of Employees, including the means of affording Employees the opportunity to object thereto, and to establish such facts conclusively.

   (2) To prescribe rules and procedures governing the application for benefits by Employees and beneficiaries, it being agreed that such rules and regulations otherwise referred to as the Pension Plan be published in the form of a uniform booklet. This booklet and other printed material issued by the Trustee will bear a Union label.

   (3) To make determinations which shall be final and binding upon all parties as to the rights of any Employee and any beneficiary to benefits, including any rights any individual may have to request a hearing with respect to any such determination.

   (4) To obtain an evaluate all statistical and actuarial data which may be reasonably required with respect to the administration of the Pension Plan, it being agreed that all information, records, lists of Employers and Employees and all other data which may come into the hands of the Trustees are to be considered confidential and private records of the Trust Fund and no information from such records, lists or data

shall be divulged by the Trustees unless unanimously authorized by the Trustees.

(5) To make reciprocal agreements with the Trustees of other Pension Plans, if actuarially sound, established by Unions and Employers, to provide for the reciprocal transfer of credit service between such Pension Plan in the case of Employees transferring their employment to such Employers.

(6) To make such other rules and regulations as may be necessary for the administration of the Pension Plan which are not inconsistent with the purposes of this Agreement and Declaration of Trust.

(d) Exercise all rights and privileges granted by the provisions of any contract entered into by the Trustees and any Insurance Company, Bank, Trust Company, or any other financial institution, and to agree with such financial institution to any alteration, modifications, amendment or cancellation of such contract, or to take any other action respecting such contract which they in their descretion may deem necessary or advisable.

(e) Invest or reinvest such funds as are not necessary for current expenditures as they may from time to time determine. When so investing or reinvesting, they shall exercise the judgment and care which men of prudence, discretion and intelligence exercise in the management of their own affairs, not for speculation, but in regard to the permanent disposition of the Fund, and shall in so doing consider the probable income as well as the probable safety of the capital of the funds entrusted to them.

(f) Delegate to a corporation authorized to act in such capacity such duties and responsibilities with respect to investing and reinvesting such assets as they shall specify in such delegation. The Trustees, acting in good faith, shall not be liable for any act or omission of the corporation in the discharge of the duties delegated to it. The corporation shall exercise the judgment and care which men of prudence, discretion and intelligence exercise in the management of their own affairs, not for speculation, but in regard to the permanent disposition of their funds, and shall in so doing consider the probable income as well as the probable safety of the capital of the funds entrusted to them.

(g) Enter into agreements, contracts and other instruments for the deposit of funds with banks, trust companies or other institutions, which accept and hold monies on deposit, and to authorize such depository to act as custodian of the funds, whether in cash or securities or other property, and to authorize such depository or depositories to convert, invest and reinvest the funds, entirely or in part, into securities.

(h) Construe the provisions of the Agreement and Declaration of Trust and the Pension Plan and the terms used herein, and any construction adopted by the Trustees in good faith shall be binding upon the Union, the Employers, the Association and the Employees and their beneficiaries.

(i) In addition to such other powers as are set forth herein or conferred by law.

  (1) Sell, exchange, lease, convey or dispose of any property at any time forming part of the Trust Fund or the whole thereof upon such terms as they may deem proper and to effect and deliver any and all instruments to conveyance and transfer in connection therewith.

  (2) Enter into any and all contracts and agreements for carrying out the terms of the Agreement and Declaration of Trust and for the administration of the Trust Fund and to do all acts as they in their discretion may deem necessary or advisable and such contracts, agreements, and acts shall be binding and conclusive on the Union, Association, Employers and Employees and their beneficiaries.

  (3) Do all acts whether or not expressly authorized therein which the Trustees deem necessary or proper for the protection of the Trust Fund held hereunder and their judgment shall be final.

### Section 2—Books of Accounts:

The Trustees shall keep true and accurate books of accounts and records of all their transactions which shall be open to the inspection of any Trustee at all times and which shall be audited at least annually and at such other times as the Trustees shall deem advisable by a certified public accountant selected by the Trustees. Such audits shall be available at all times for inspection by the Union, Association, Employers or Plan Participants at the principal office of the Trust Fund.

15

with the Trustees.

### Section 4—Advice of Counsel:

The Trustees may, in their discretion, employ legal counsel. Any action taken by the Trustees upon the advice of counsel shall be regarded as prudent and the Trustees shall be held completely harmless and fully protected in acting and relying upon the advice of such counsel, as to legal questions arising out of this Agreement and Declaration of Trust or the administration of the Pension Plan.

### Section 5—Legal Action By Trustees:

The Trustees may seek judicial protection by any action or proceeding they may deem necessary to settle their accounts, or to obtain a judicial determination or declaratory judgment as to any question of construction of the Agreement and Declaration of Trust or instruction as to any action thereunder. Any such determination shall be binding upon all parties to or claiming under this Agreement and Declaration of Trust.

### Section 6—Costs of Suit

The costs and expenses of any action, suit, or proceeding brought by or against the Trustees or any of them (including counsel fees) which it shall be adjudged in such action, suit, or proceedings that such Trustee was acting in bad faith or was grossly negligent, performed his duties hereunder with willful misconduct, or except as specified in Article III, Section 2, of the Agreement and Declaration of Trust.

### Section 7—Fidelity/Fiduciary Bonds:

All of the Trustees and each Employee employed by the Trustees who may be engaged in receiving or withdrawing of monies of the Trust Fund shall be bonded for such sums as the Trustees from time to time shall determine, or as required by law, by a duly authorized Surety Company.

### Section 8—Payments To or By Trust Fund:

All payments due to or from the Trust Fund shall be by check, bank draft, postal money order or other recognized written method of transmitting money or its equivalent.

### ARTICLE IX—AMENDMENTS

This Amendment and Declaration of Trust may be amended in any respect from time to time by majority vote of the Trustees, except that no amendment shall divert the Trust Fund as constituted

immediately prior thereto or in any part thereof to a purpose other than as set forth herein, nor shall there be any amendments which could change the manner of designation or equality of number of Employee Trustees and Employer Trustees, nor eliminate the requirement of an annual audit, nor the payment of necessary expenses.

A copy of such Amendment, upon passage by the Trustees, shall be made public in a form and to an extent considered necessary by them.

## ARTICLE X—TERMINATION OF TRUST

### Section 1—Conditions of Termination

This Agreement and Declaration of Trust shall cease and terminate upon the happening of any one or more of the following events:

(a) In the event the Trust Fund shall be in the opinion of the Trustes, inadequate to carry out the intent and purpose of the Agreement, or to meet the payments due or to become due under this Agreement to persons already drawing benefits;

(b) In the event there are no individuals living who can qualify as Employees hereunder;

(c) In the event of termination by action of the Union and the Association

(d) In the event the Union and the Association desire to merge this Fund with any other Pension Fund.

### Section 2—Procedures In Event of Termination:

In the event of termination, the Trustees shall:

(a) Make provision out of the Trust Fund for the payment of expenses incurred up to the date of termination of the Trust and the expenses incident to such termination;

(b) Arrange for a final audit and report of their transactions and accounts, for the purpose of termination of their Trusteeship;

(c) Apply the Trust Fund to pay any and all obligations of the Trust and distribute and apply any remaining surplus in such manner as will, in their opinion, best effectuate the purpose of the Trust.

## ARTICLE XI—SITUS AND CONSTRUCTION OF TRUST

The Trust is accepted by the Union, the Association, and Employers in the State of Illinois and all questions pertaining to its validity,

construction, and administration shall be determined in accordance with the laws of that State. If, for any reason, any provision of this Agreement shall be, is or is hereafter determined by decision, act or regulation of a duly constituted body, or authority to be in any respect invalid, it shall not nullify any of the other terms and provisions of the Agreement and in such respect or respects as it may be necessary to conform this Agreement with the applicable provision of law in order to prevent the invalidity of such provision or provisions then the said provision or provisions shall be deemed automatically amended to conform with such rules, law, regulations, acts or decision.

**IN WITNESS WHEREOF**, the Union, the Association, and Employers have affixed their signatures as of the day and year first above written at Edwardsville, Illinois.

**UNION:**

**SOUTHERN ILLINOIS DISTRICT COUNCIL**
**LOCALS No. 2 and N. 65 OF ILLINOIS**

**BAC LOCAL NO. 2**

By: _[signature]_

**BAC LOCAL NO. 65**

By: _[signature]_

**SOUTHERN ILLINOIS DISTRICT COUNCIL**

By: _[signature]_
Robert Weis, President

**SOUTH-WESTERN ILLINOIS MASION CONTRACTORS ASSOCIATION**
**PRESIDENT AND VICE PRESIDENT SIGNATURES**

By _Dennis A. Roth_

_Jack Bekaen_

We, the undersigned trustees, herewith adopt and accept this agreement and declaration of trust this 29th day of Sept., A.D., 1983.

**EMPLOYER TRUSTEE:**

_[signature] Ittsworth_

_Floyd O. Freeman_

_[signature]_

_Ken Belser_

_[signature] Roler_

_Dennis A. Roth_

_Richard L. Jarris_

_George Hay_

**UNION TRUSTEE:**

_[signature]_ David Tolin
_____

_[signature]_ Eugene Adams
_____

_[signature]_ David Pickerill
_____

_[signature]_ E. Allen Locke Jr.
_____

_[signature]_ William Keller
_____

_[signature]_ Roberta Weith
_____

_[signature]_ Larry Green
_____


_[signature]_ Dale Acklund    10-17-02

President


Vice President